# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-2036
Filed January 28, 2026

———————————

**In the Matter of the Estate of Alice K. Laaker, Deceased.**

**Gerald Runde Jr.,**

Appellant.

———————————

Certiorari to the Iowa District Court for Dubuque County,
The Honorable Monica Zrinyi Ackley, Judge.

———————————

**WRIT SUSTAINED**

———————————

James E. Goodman Jr. of Goodman Law Group, PLC, Des Moines, attorney
for appellant.

Joshua Weidemann and Alyssa M. Carlson of O'Connor & Thomas, P.C.,
Dubuque, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

Gerald Runde Jr. was sanctioned $21,804.90 in attorney fees arising out of a probate matter. In the district court's sanctions order, no factual findings as to Runde's conduct were made, and the court cited no applicable law. The district court relied on an affidavit and billing statement for services rendered by the Estate of Alice K. Laaker's counsel to determine the amount of sanctions. After our review, we determine the district court abused its discretion by failing to give adequate reasoning or make sufficient findings for its award of sanctions. Accordingly, we sustain the writ of certiorari.

## BACKGROUND FACTS AND PROCEDURAL POSTURE

Alice K. Laaker passed away testate on October 31, 2023. Alice's last will and testament named her daughter, Jodi Billmeyer, as a co-executor of the estate along with Alice's brother, Dennis Schmitt. The will provided that either co-executor could serve alone if one co-executor survived the other. Dennis declined to serve as an executor, and Jodi was appointed as the sole executor of the estate on November 21, 2023.

Gerald Runde Jr., son of Alice and a beneficiary of the will, filed two petitions attempting to remove Jodi as the estate's executor. Runde filed his first petition on February 26, 2024, which the estate resisted on March 6. Runde then filed a second petition to remove Jodi as the estate's executor on June 4, before the district court filed its order denying Runde's first petition for removal on June 21. The estate resisted Runde's second petition on June 26. In its second resistance, the estate requested attorney fees as a sanction "due to the frivolous nature of [Runde's] pleadings and the unnecessary delay caused by the same." Runde resisted the estate's request for sanctions.

The district court denied Runde's second petition to remove Jodi as the executor on September 20. In its order, the district court stated that it would "consider the request made by the executor on behalf of the estate for an award of attorney's fees as sanctions against Gerald Runde Jr." On October 21, the Estate submitted an affidavit and billing statement documenting its attorney's fees, which totaled $21,804.90. On November 20, the district court ordered sanctions against Runde in the amount of $21,804.90. In its order, the district court made no specific findings and failed to cite any applicable law.

Runde filed a motion to reconsider on December 5, which the estate resisted on December 16. The next day, the district court denied Runde's motion to reconsider. In the court's denial it again did not state any findings nor cite any applicable law. This writ follows.[1]

## STANDARD OF REVIEW

"A writ of certiorari is the proper vehicle for challenging a district court's order imposing sanctions . . . ." *Law Office of Shawn Shearer, P.C. v. Iowa Dist. Ct.*, 27 N.W.3d 806, 813-14 (2025). "We review a district court's decision to award sanctions for abuse of discretion." *Id.* at 814. The district court's findings of fact bind us when they are supported by substantial evidence. *Id.* "A district court abuses its discretion when it exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly

---

[1] Runde filed a notice of appeal rather than a writ of certiorari. However, we treat this action as though Runde has filed a petition for writ of certiorari. *First Am. Bank v. Fobian Farms, Inc.*, 906 N.W.2d 736, 744 (Iowa 2018); Iowa R. App. P. 6.151 ("If any case is initiated by a notice of appeal . . . and the appellate court determines another form of review was the proper one, the case will not be dismissed, but will proceed as though the proper form of review had been requested."). We grant the petition and proceed to the merits of Runde's claim.

unreasonable." *Id.* (cleaned up). "[U]nder the abuse of discretion standard, we will correct an erroneous application of the law." *Id.* (cleaned up).

## ANALYSIS

Iowa Rule of Civil Procedure 1.413(1) is appliable, despite the district court failing to cite any legal basis for its award of sanctions. The rule permits a court to award attorney's fees as a sanction for filings "interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation." Iowa R. Civ. Pro. 1.413(1). When determining proper sanctions, the district court must make specific findings as to "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the violation." *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 277 (Iowa 2009) (cleaned up).

"Imposing a fee-shifting sanction is a rare exception to our general rule that losing litigants don't pay the victor's attorney's fees." *In re Est. of Bisignano*, 991 N.W.2d 135, 142 (Iowa 2023). We consider a variety of factors when evaluating compliance with rule 1.413, "including the time available to investigate and research facts, the complexity of factual and legal issues, the clarity or ambiguity of existing law, and the plausibility of the legal positions asserted." *Id.* The primary purpose of awarding sanctions under rule 1.413 "is to deter frivolous litigation, not to compensate the winning side." *Id.* Arguments that are made in good faith weigh against the awarding of a sanction. *Id.*

The district court conducted no inquiry into Runde's compliance with rule 1.413 and did not analyze the factors expressed by our supreme court in *Bisignano*. *See id.* The district court did not cite to rule 1.413 or any other

4

applicable law when awarding the estate sanctions in its order. The district court also declined to make findings of any kind in its order awarding sanctions. Instead, the district court relied on an affidavit submitted by the estate documenting its attorney's fees. This affidavit was the only item that the district court cited in its order.

The entirety of the district court's order is as follows:

> This matter is before the Court pursuant to the filing of the billing statement for services rendered by counsel in defense of claims made by Gerald Runde Jr. and the petition for removal of the executor. The statements were filed on October 21, 2024. No objection or request for hearing has been filed by Mr. Runde.

> IT IS HEREBY ORDERED that the services rendered on behalf of the executor are approved. Judgment is rendered against Gerald Runde Jr. for the sum of $21,804.90. The judgment shall be paid from Gerald Runde's inheritable interest in the estate res. If there are insufficient cash reserves to pay the judgment, the executor has all legal collection avenues available to her to satisfy the judgment.

This order failed to cite "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the violation." *See Barnhill*, 765 N.W.2d at 277 (cleaned up).

Notably, the district court did not consider the reasonableness of the estate's attorney's fees. Rather, it accepted the estate's request for $21,804.90 without any specific findings about the reasonableness of the sum. The district court made no findings as to whether $21,804.90 was the minimum needed to deter Runde's conduct that the estate considered to be frivolous. The court's order contained no findings about Runde's ability to pay, only that he was to pay the sanction from his inheritable interest in the estate. Finally, the district court made no findings about the factors related to

5

the severity of Runde's purported violation of rule 1.413. Instead, we are left with a brief order that cited no law, made no findings, and awarded a large sum of sanctions with little explanation.

In a prior order from September 20, 2024, the district court stated that Runde's second attempt to remove Jodi as the executor was "repetitive and dripping with mistrust." Yet the district court conducted no actual analysis or fact finding in its order to support its conclusion. The district court's grounds for awarding sanctions were unreasonable precisely because there was no reasoning given. This was an erroneous application of the law by the district court.

## CONCLUSION

The district court abused its discretion by sanctioning Runde because it failed to make any specific findings on the factors adopted by our supreme court in *Barnhill*. Further, the district court did not conduct any analysis as to Runde's compliance with rule 1.413. We sustain the writ of certiorari and vacate the district court's sanctions order.

**WRIT SUSTAINED.**